# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KAJEET, INC.,** | |
| Plaintiff, | |
| v. | C.A. No. 19-CV-02370-MN |
| **GRYPHON ONLINE SAFETY, INC.,** | |
| Defendant. | |

## GRYPHON ONLINE SAFETY, INC.'S REPLY BRIEF IN SUPPORT OF ITS FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS KAJEET, INC.'S COMPLAINT

OF COUNSEL:

Sanjeev Kumar
Hunt Pennington Kumar & Dula PLLC
609 Castle Ridge Road, Suite 315
Austin, TX 78746
(512) 766-6082
skumar@hpkdlaw.com

Dated: July 8, 2020

George Pazuniak (DE No. 478)
O'Kelly & Ernst, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-478-4230
gp@del-iplaw.com

*Counsel for Defendant*
*Gryphon Online Safety, Inc.*

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................- 1 -

I. THE ASSERTED CLAIMS ARE PATENT INELIGIBLE UNDER 35 U.S.C. § 101 ....- 1 -

    *a.* *Kajeet, Inc. v. Qustodio Supports Invalidity Of The Claims*.........................................- 1 -

    *b.* *Kajeet's Alice Step 1 Eligibility Analysis Is Wanting* .....................................................- 3 -

    *c.* *Kajeet Also Fails Alice Step 2* ......................................................................................- 5 -

    *d.* *The Asserted Claims Are Representative* ....................................................................- 6 -

II. COUNTS I AND II FAIL TO PLEAD PATENT MARKING ........................................- 7 -

III. COUNTS I AND II FAIL TO PLAUSIBLY PLEAD DIRECT INFRINGEMENT .........- 8 -

IV. COUNTS I AND II FAIL TO PLAUSIBLY PLEAD INDIRECT INFRINGEMENT ....- 9 -

V. CONCLUSION..............................................................................................................- 10 -

# **TABLE OF AUTHORITIES**

CASES

*Ancora Techs., Inc. v. HTC Am., Inc.*,
  908 F.3d 1343 (Fed. Cir. 2018) ---------------------------------------------------------------------- 5 -

*BASCOM Glob. Internet Servs. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016) ---------------------------------------------------------------------- 6 -

*Data Scape Ltd. v. W. Digital Corp.*,
  2020 WL 3564683 (Fed. Cir. 2020) ---------------------------------------------------------- 6 -, - 7 -

*Dropbox, Inc. v. Synchronoss Techs., Inc.*,
  2020 WL 3400682 (Fed. Cir. 2020) ---------------------------------------------------------- 2 -, - 3 -

*Enfish LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir.2016) --------------------------------------------------------------- 3 -, - 5 -

*Express Mobile, Inc. v. DreamHost LLC*,
  2019 WL 2514418 (D. Del. 2019) ------------------------------------------------------------------ 7 -

*Innovative Global Sys., LLC*,
  2020 U.S. Dist. LEXIS 50657 (D. Del. 2020) ---------------------------------------------------- 4 -

*Kajeet, Inc. v. Qustodio, LLC*,
  2019 U.S. Dist. LEXIS 228067 (C.D. Cal. 2019) --------------------------------------- - 1 -, - 2 -

*LoganTree LP v. Omron Healthcare, Inc.*,
  2019 U.D. Dist. LEXIS 159730 (D. Del. 2019) ------------------------------------------------- 8 -

*RecogniCorp, LLC v. Nintendo Co.*,
  855 F.3d 1322 (Fed. Cir. 2017) ---------------------------------------------------------------------- 4 -

*Thompson v. TCT Mobile, Inc.*,
  2020 WL 1531333 (D. Del. 2020) ------------------------------------------------------------------ 6 -

*Univ. of Fla. Research Found., Inc. v. Gen. Elec. Co.*,
  916 F.3d 1363 (Fed. Cir. 2019) ---------------------------------------------------------------------- 6 -

*Visual Memory v. NVIDIA Corp,*,
  867 F.3d 1253 (Fed. Cir. 2017) ---------------------------------------------------------------------- 5 -

STATUTES

35 U.S.C. § 101 --------------------------------------------------------------------------------------------- 1 -

35 U.S.C. § 271(c) --------------------------------------------------------------------------------------- 10 -

35 U.S.C. § 287(a) ------------------------------------------------------------------------------- - 7 -, - 8 -

<u>R</u>ULES

Fed. R. Civ. P. Rule 12(b)(6)----------------------------------------------------------------------- 1 -, - 10 -

# INTRODUCTION

The Answering Brief filed by Plaintiff Kajeet, Inc. ("Kajeet") (D.I. 13) comprises numerous errors of law and does not accurately cite the record.  This is the Reply Brief of Defendant Gryphon Online Safety, Inc. ("Gryphon") in support of its motion that this Court dismiss Kajeet's Complaint under Fed. R. Civ. P. Rule 12(b)(6).

## I.  THE ASSERTED CLAIMS ARE PATENT INELIGIBLE UNDER 35 U.S.C. § 101

### a.  *Kajeet, Inc. v. Qustodio* Supports Invalidity Of The Claims

Kajeet cites *Kajeet, Inc. v. Qustodio, LLC*, 2019 U.S. Dist. LEXIS 228067 at *46-47 (C.D. Cal. November 1, 2019), but the decision actually supports the invalidity of the claims for lack of patent eligibility.  First, the *Qustodio* decision did not address at all the '438 Patent, which is the subject of Count II, and thus does not help Kajeet as to that patent.  Second, although the Court did find Claim 27 of the '559 Patent eligible for patentability under *Alice* Step 2, that determination rested entirely on the claim's limitation to a "remote computing device."[1]  Yet, that limitation is not found in Claim 27 of '438 Patent, and, thus, the decision suggests that *Qustodio* would have held that the '438 Patent claims invalid as it lacked the critical limitation.  Third, *Qustodio* contains almost no analysis of the '559 Patent or the law. (D.I. 14-2).  The Court's entire relevant analysis is a single paragraph that cited only two Federal Circuit decision, without considering the subject matter of the claims in those cases or how they compared to the claims of the '559 Patent, and without any explanation why those cases supported its decision.

---

[1] [T]his claim is at least drawn to a non-conventional arrangement of claim elements. This includes the requirement of the claim as to remote storage of policies on a server and the remote, real-time receipt and enforcement of decisions based on those policies through a communications network." *Id.* at p. 46.

- 2 -

Fourth, and most importantly, *Qustodio's* necessary reliance on the "remote computing device" limitation establishes that *Qustodio* cannot be good law in view of subsequent Federal Circuit decisions that indicates that the "remoteness" of the computing device would be considered simply a conventional.   Specifically, in *Dropbox, Inc. v. Synchronoss Techs., Inc.*, 2020 WL 3400682 (Fed. Cir. 2020), the Court considered a claim that is legally very similar to Claim 27 of the '559 Patent.  Although the *Dropbox* claim did not use the word "remote," the *Dropbox* claims, like the '559 Patent claims here, were limited to remote computing devices.  The patentee specifically argued that the claims were limited to "**remote server synchronization for wirelessly backing up data**," and that this supported eligibility. *Id*.

The Federal Circuit rejected this argument in invalidating the claim, specifically holding that "Nor do these data tagging and <u>remote synchronization steps</u> yield an inventive concept." *Dropbox* at *7–8 (emphases supplied).  As was true in *Dropbox*, the "remote computing device" in Claim 27 of the '559 Patent is a conventional computing device performing its conventional function.  Indeed, it is not possible to legally distinguish the claim held invalid in *Dropbox* and the present Claim 27 of the '559 Patent:

| **Claim 1 In *Dropbox*** | **Claim 27 of '559 Patent** |
|---|---|
| 1. A method for backing up data stored on a mobile customer premises equipment comprising the steps of:<br><br>storing data at the mobile customer premises equipment;<br>formatting the data stored at the mobile customer premises equipment into fields by determining data fields, identifying which portions of said data correspond to a respective data field, and tagging said data[;]<br><br>transmitting the data with a user ID from the mobile customer premises equipment <span style="color:red">across a mobile network to a server for storage</span>;<br><br>retrieving said data from said server across a mobile network in response to one of an expiration of time and request from said mobile customer premises equipment by transmitting said data to said mobile customer premises equipment; and<br><br>transmitting said data to said mobile customer premises equipment by transmitting the data in more than one information signal and sequentially numbering each of said information signals. | A method for controlling a computing device configured to execute a function using a communication network managed by a service provider, the method comprising:<br><br><span style="color:red">sending to a server a request to communicate with a remote computing device over the communication network</span>;<br><br>receiving in real-time from the server a decision granting or denying the request, the decision being based on a policy stored at the server and configured by an administrator; and<br><br>enforcing the decision by enabling a communication with the remote computing device over the communication network when the decision grants the request and by disabling the communication when the decision denies the request, the communication being enabled or disabled without storing the policy on the computing device. |

### b. Kajeet's *Alice* Step 1 Eligibility Analysis Is Wanting

Kajeet argues that Gryphon allegedly failed to use certain words in describing the Kajeet claims. (D.I. 13 at 8-9). But, nothing in any governing law requires Gryphon to use any magical words. Gryphon described the claims, and explained that the claims were invalid because they are nothing more than a combination of conventional computing/communication devices and network servers, performing their normal functions. (D.I. 12 at 2-3, 5-8, 10-12).

As to *Alice* Step 1, Kajeet, like almost every patentee, argues *Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir.2016), but then miscites the case. (D.I. 13 at 8). Kajeet is

inaccurate in stating that *Enfish* held that "[c]laims directed to specific improvements in computing systems are patent eligible." (D.I. 13 at 8). That is not true, because *Enfish* only held that claims "directed to a specific improvement to the way computers operate" may be patent eligible. *Enfish* at 1337. Further, the Court upheld the claim in *Enfish*, because "the self-referential table recited in the claims on appeal is a specific type of data structure designed to improve the way a computer stores and retrieves data in memory" and "the claims are directed to a specific implementation of a solution to a problem in the software arts." *Enfish*, 822 F.3d at 1339. Kajeet does not point to anything in the present claims that is legally or functionally similar to the "self-referential table" in *Enfish*., or anything that "improv[es] … the way computers operate." Instead, Kajeet argues that the claims recite a "distributed arrangement," ignoring that that "distributed arrangement" is nothing more than conventional computing devices performing conventional functions. That is NOT a "specific improvements in computing systems," but rather a well-known inherent feature of computer networks. "'[G]eneralized steps to be performed on a computer using conventional computer activity' are abstract[.]" *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1326 (Fed. Cir. 2017) (quoting *Enfish*, 822 F.3d at 1338.

      Remarkably, Kajeet does not try to distinguish any of the many relevant cases relied upon by Gryphon. Instead, Kajeet first cites "*Innovative Global Sys., LLC*, 2020 U.S. Dist. LEXIS 50657 at *4-5 (D. Del. 2020)," but does not even attempt to demonstrate any similarity of the claims in that case compared to the present. (D.I. 13 at 9-10). In fact, in that case, the Court held that the claims were non-abstract because they were directed to "a particular onboard system for a vehicle that continuously monitors certain data from the vehicle data." Nothing like

that is present here, but, rather, the present claims are directed to any conventional components that perform their conventional functions.

Kajeet next cites *Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343 (Fed. Cir. 2018) (D.I. 13 at 10-11). But *Ancora* held that the claims were non-abstract because "a license record is stored in [BIOS memory], and the structure in that memory location is used for verification by interacting with the distinct computer memory that contains the program to be verified." *Ancora*, 908 F.3d at 1348-49. Again, nothing in *Ancora* is remotely relevant to the present claims.

Kajeet finally cites *Visual Memory v. NVIDIA Corp,*, 867 F.3d 1253 (Fed. Cir. 2017) (D.I. 13 at 11-12). But that case involved claims "a memory system 'having one or more programmable operational characteristics, said characteristics being defined through configuration by said computer based on the type of said processor,' and 'determin[ing] a type of data stored by said cache.'" Thus the Visual claims, unlike the present claims, involved "the way computers operate." *Enfish* at 1337. The instant claims have no relevance to "the way computers operate."

### c. **Kajeet Also Fails *Alice* Step 2**

As to *Alice* Step 2, Kajeet asks the Court to refer to a declaration in another case. However, that case did not involve the '438 Patent, and, thus cannot save that patent. (D.I. 14-3) (D.I. 13 at 13). As to the '559 Patent, the relevant portion of the declaration is a single paragraph comprising high-level explanations of what the claims say, and does not provide any cogent *Alice* Step 2 analyses, except to again refer to the "distributed architecture arrangement." (D.I. 14-3 at ¶ 22). That facile assertion fails the requirements of *Alice* Step 2, because the limitation still broadly encompasses conventional computer/communication components performing their conventional functions.

Such allegations are irrelevant, because governing authority requires "'plausible and specific factual allegations that aspects of the claims are inventive' to defeat a motion to dismiss." *Data Scape Ltd. v. W. Digital Corp.*, 2020 WL 3564683 at *3 (Fed. Cir. 2020). "[C]onclusory descriptions are not 'plausible and specific factual allegations' that the user interface is inventive sufficient to survive step two." *Thompson v. TCT Mobile, Inc.*, 2020 WL 1531333 at *10 (D. Del. 2020).

Kajeet cites *BASCOM Glob. Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016). But, as noted in a subsequent case, "In *BASCOM*, 'the patent describe[d] how its particular arrangement of elements [was] a technical improvement over prior art ways of filtering such content.'" *Univ. of Fla. Research Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1369 (Fed. Cir. 2019). The *Univ. of Fla. Research Found* Court went to point out, in language equally applicable here, that the patent in that case, "provides that '[t]he present invention ... can be realized in a centralized fashion in one computer system or in a distributed fashion' or '[a]ny kind of computer system or other apparatus adapted for carrying out the methods described herein.'" *Id*. Thus, the Court held that a "distributed arrangement" network was an irrelevancy. The Court concluded that the claims were invalid, because the "claims recite the abstract idea of 'collecting, analyzing, manipulating, and displaying data,' and 'the … patent proposes using "a general-purpose computer" to carry it out.'" *Id*. The Court's language is fully applicable here. Even assuming that all the claims require a "remote" computer, the claims still "recite the abstract idea of 'collecting, analyzing, manipulating, and displaying data,' and 'the … patent proposes using "a general-purpose computer" to carry it out.'" *Id.*

### d. The Asserted Claims Are Representative

Kajeet argues that Claim 27 of '438 Patent Claim 27 of '559 Patent are not

representative. But, Gryphon argued in its opening brief that these claims were representative and, thus, "all claims of both patents are patent ineligible." (D.I. 12 at 12-13). It was up to Kajeet to demonstrate any significant difference between these two representative claims and any other claims, and Kajeet failed to do so. *Data Scape Ltd. v. W. Digital Corp*., 2020 WL 3564683 at *3 (Fed. Cir. 2020) ("Because [patentee] did not present any 'meaningful argument for the distinctive significance of any claim limitations' not found in [asserted claim], the district court did not err in treating [the asserted claim] as representative."). Kajeet's casual footnotes do not provide any basis for holding that any of the patents' dependent claims are materially distinguishable from the two representative claims. (D.I. 13 at 15 fns. 11 and 12).

## II. <u>COUNTS I AND II FAIL TO PLEAD PATENT MARKING</u>

Kajeet inferentially confirms that its Complaint includes claims for past damages, but asserts that it "has complied with its requirements" as required by 35 U.S.C. § 287(a) and *Express Mobile, Inc. v. DreamHost LLC*, 2019 WL 2514418 at *2 (D. Del. 2019) (D.I. 13 at 19-20). Having so represented, however, Kajeet never explains how or where it had pled anything regarding the statute's notice provision. The law, as set forth in *Express Mobile,* requires explicit pleading of statutory compliance, and Kajeet failed to do so.

Kajeet next argues that Claim 27 of the '559 patent is a method claim. This argument obviously does not apply to Count II, which is directed to the '438 Patent and its product claims. However, even as to the '559 Patent, the '559 Patent has 30 claims, and all claims except claims 22-27 are product claims. As Gryphon pointed out in its opening brief, and never challenged by Kajeet, Kajeet's Complaint inferentially includes product claims 1-21, because the Complaint asserts infringement of "<u>at least</u> claim 27 of the '559 Patent, <u>among others.</u>" (D.I. 1 ¶ 43). Further, Gryphon noted, and Kajeet ignores, the fact that Kajeet's Complaint alleges that

Gryphon infringed method Claim 27 "because Gryphon 'makes, uses and sells the <u>Accused Products</u>.'" *Id*. To avoid the requirement of pleading compliance with the patent marking requirement, Kajeet's Complaint would have to amended to remove the apparent assertion of the '559 Patent's product claims.

Kajeet finally argues that it seeks both past and future damages. That may be so, but Kajeet still seeks damages for pre-Complaint infringement, and, thus, 35 U.S.C. § 287(a) and *Express Mobile* require pleading statutory compliance required to seek such past damages.

**III.     <u>COUNTS I AND II FAIL TO PLAUSIBLY PLEAD DIRECT INFRINGEMENT</u>**

Kajeet completely ignores Gryphon's arguments. Instead, Kajeet relies on *LoganTree LP v. Omron Healthcare, Inc.*, 2019 U.D. Dist. LEXIS 159730 at *7-9 (D. Del. 2019) to support the sufficiency of its pleading. Kajeet errs.

First, *LoganTree* stressed that the Complaint "identifies several of Omron's products by name, and accuses those products of infringing claims 1 and 13," and that the Complaint included attached claim charts. Those facts distinguish the present case. Kajeet has not provided any claim charts, and has not identified any products by name. The Complaint simply accuses "all versions of the Gryphon Mesh Wifi Security Router … products and services." (D.I. 1 at ¶ 21).

Moreover, unlike *LoganTree*, Kajeet inferentially admits that its Complaint comprises almost undecipherable limitations such as "policy decider," "policy enforcer," "enforcing a decision by the policy decider" and "taking one or more actions consistent with the denied request or taking one or more actions consistent with the accepted request."

Further, Kajeet ignores Gryphon's demonstration that the Complaint is fatally flawed because it fails to allege that Gryphon "perform[ed] all the steps of the claimed method, either

personally or through another acting under his direction or control,'" as required by governing law detailed in Gryphon's opening brief. (D.I. 12 at 15-16).

## IV. COUNTS I AND II FAIL TO PLAUSIBLY PLEAD INDIRECT INFRINGEMENT

Kajeet asserts that Gryphon has posited a "kitchen sink" of bases for dismissing Kajeet's indirect infringement claims. (D.I. 13 at 17). But, Gryphon's arguments reflect the many deficiencies of Kajeet's pleading.

First, for reasons state above, Kajeet has not stated a claim for direct infringement.

Second, Kajeet recognizes that the law prohibits any claim for past damages for indirect infringement unless Gryphon knew of Kajeet's asserted patents, but argues that it had pled that knowledge "since at least the filing of the complaint." (D.I. 13 at 18). But, Kajeet's Complaint includes a single pleading for damages that does not distinguish past and future damages and does not distinguish between direct and indirect infringement. (D.I. 1 at ¶¶ 45, 61, Prayer at "b"). Kajeet's pleading is defective.

Third, Kajeet never responds to Gryphon's demonstration that Kajeet's "inducement allegation as to Claim 27 of the '559 patent is unintelligible." (Compare D.I. 12 at 18 with D.I. 13 at 18). Kajeet points to another part of its pleading, but never addresses the unintelligible language cited by Gryphon that confuses the inducement pleading. Kajeet cannot ignore defective pleadings simply because other pleading are not defective.

Fourth, Kajeet's pleading that "Such conduct by Gryphon was intended to and actually did result in direct infringement by Gryphon's direct and indirect customers" does not plead that Gryphon had knowledge of any infringement by Kajeet's customers, as required by law. (D.I. 12 at 18). Similarly, Kajeet does not address the law that Gryphon cited as its "Fifth" argument. (Compare D.I. 12 at 18 with D.I. 13 at 19).

Finally, Kajeet does not address argument that 35 U.S.C. § 271(c) explicitly reefers to "a component of a patented machine, manufacture, combination or composition," and that Kajeet's Complaint does not refer to any components but only to the "Accused Product" which is charged with direct infringement. The "Accused Product" is either the basis for direct infringement or it is a "component of a patented [product]." The Accused Product cannot be both.

## V. CONCLUSION

On the basis of the foregoing analysis of fact and law, Gryphon respectfully requests that this Court dismiss Kajeet's Complaint under Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

OF COUNSEL:

Sanjeev Kumar
Hunt Pennington Kumar & Dula PLLC
609 Castle Ridge Road, Suite 315
Austin, TX 78746
(512) 766-6082
skumar@hpkdlaw.com

*/s/ George Pazuniak*
George Pazuniak (No. 478)
O'Kelly & Ernst, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-478-4230
gp@del-iplaw.com

*Counsel for Defendant*
*Gryphon Online Safety, Inc.*