

George Pazuniak
gp@del-iplaw.com
Direct: (207) 359-8576

June 7, 2022

*By CM/ECF*

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      RE:    *Kajeet, Inc. v. Gryphon Online Safety, Inc., C.A. No. 19-cv-2370-MN*

Dear Judge Fallon:

      Gryphon Online Safety, Inc. ("Gryphon") respectfully requests that the Court stay this action until the USPTO's Patent Trial and Appeal Board ("PTAB") issues its Final Written Decision in the pending *Inter Partes* Review of U.S. Patent No. 8,667,559 (the "'559 Patent") which Kajeet, Inc. ("Kajeet") has asserted in this action. A proposed form of the Order is attached.

**Background and Stage of Related Litigation.**

      In this case, Kajeet has asserted claims of the '559 Patent against Gryphon, and, in addition, has asserted a single claim of U.S. Patent No. 7,899,438 (the "'438 Patent"). The '559 Patent issued from an application that was a continuation of the application that issued as the '438 Patent. Thus, the disclosures of the two patents are identical. Further, there is significant overlap between the claims of the two patents, as shown in the attached comparison of Claim 27 of the '448 Patent with Claim 1 of the '559 Patent (Exhibit B). The Exhibit highlights some of the common terms, most of which are the subject of an upcoming claim construction in this case. Indeed, Kajeet admitted during the hearing on Gryphon's motion to dismiss the case under 35 U.S.C. §101 that "the '438 Patent rises and falls with the '559 Patent." (Exhibit C, D.I. 32, Hr'g Tr. at 38:7–9).

      In addition to the present lawsuit, Kajeet has asserted the '559 Patent in two other pending actions, (i) Kajeet, Inc. v. NortonLifeLock Inc., CA No. 1:20-cv-01339-MN in this Court; and (ii) Kajeet, Inc. v. Trend Micro, Inc. CA No. 6:21-cv-389 in the Western District of Texas.

      On April 21, 2022, the PTAB issued a *Decision Granting Institution of Inter Partes Review* of most of the claims of the '559 Patent, including all the '559 Patent claims here in issue. (Exhibit A). Shortly thereafter, this Court ordered a stay of the NortonLifeLock case pending the outcome of the IPR. (CA 1:20-cv-01339, D.I. 114). Further, ***Kajeet itself*** moved to stay the Trend Micro case in Texas pending the outcome of the IPR, to which Trend Micro had consented. (Exhibit D). Thus, it is likely that the second pending case involving the '559 Patent will also be stayed.

      Upon this Court staying the NortonLifeLock case, Gryphon immediately requested that Kajeet stipulate to the stay of the present case. Yet, even though Kajeet had agreed to the stay of the NortonLifeLock case and had itself moved to stay the Trend Micro case, Kajeet inexplicably

O'Kelly & Ernst, LLC

June 7, 2022

refused to stay this case.  Kajeet's only explanation for its inconsistent positions was that Kajeet had asserted one claim of the '438 Patent, which was not part of the IPR proceedings.  (Exhibit E)

**Legal Standard and Summary of Argument.**

A court has discretion to stay an action.  *Helios Streaming, LLC v. Vudu, Inc.*, 2021 WL 8155604 at *3 (D. Del. 2021).  In deciding how to exercise this discretion, courts consider three factors: (i) whether a stay will simplify the issues for trial; (ii) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (iii) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage.  *Id.* at *4.

"A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 3943058 at *2 (D. Del. 2019) (internal citations omitted).  Courts have applied a "liberal policy" in favor of stays pending resolution of instituted IPR proceedings, as *Inter Partes* review "gives the PTO an opportunity to reconsider patents that have become the focus of litigation, reliev[es] the courts of some of the burdens of deciding issues of obviousness and anticipation, and sav[es] the courts from having to adjudicate infringement claims based on patents of questionable validity." *Id.* at *4.

The PTAB has determined that there is a reasonable likelihood that the specific claims of the '559 Patent being litigated here are invalid.  (Exhibit A at 32).  If the claims are invalidated, that will terminate proceedings as to the '559 Patent.  Even if any claims survive, the IPR process will constitute part of the prosecution record that will assist this Court in, for example, construing the claims.  Further, given that the '559 Patent and the '438 Patent have identical disclosures and the claims are related, the IPR proceedings will also assist the Court in its consideration of the '438 Patent, as further detailed below.  Thus, a stay is justified.  The stay of the co-pending NortonLifeLock case and Kajeet's request to stay the Trend Micro case further support that a stay here is justified.  As such, Gryphon respectfully requests that this Court exercise its discretionary authority to grant Gryphon's motion to stay because (i) a stay will simplify the issues for trial, (ii) the litigation is still in the early stages of the proceedings, and (iii) Kajeet will suffer no undue prejudice from any delay, nor will Gryphon gain any clear tactical advantage.

**Kajeet's Objection To Stay Is Meritless.**

Kajeet's only explanation for not staying this case is that it has asserted a single claim of the '438 Patent, which is not in any IPR proceeding and which Kajeet had not yet asserted in the other two cases.[1]

Kajeet's position is meritless.  Courts regularly stay cases pending resolution of an IPR even when the IPR does not involve all the claims/patents in the litigation.  In *IOENGINE*, the plaintiff objected to a stay arguing that the "IPR addresses only one of the three patents-in-suit and implicates only five of the 20 claims asserted in the district court proceedings." (*Id.* at *28).

---

[1] Kajeet has moved to amend its Complaint in the Trend Micro case to add the '438 Patent.

O'Kelly & Ernst, LLC
June 7, 2022

The Court rejected Plaintiff's argument and stayed the litigation, holding that: "it is highly likely that the IPR will result in simplification of the district court proceedings" for reasons fully applicable here.  (*Id*. at \*29-30).   The reasons included that (i) the patent in the IPR shared the same specification as the other patents, and (ii) the patents share claim terms.  Thus, the Court concluded:

> [A]lthough the claims of the [non-IPR] patents are not directly at issue in [the IPR], the PTAB's judgment with respect to the proper construction of the claims of the [IPR] patent and its assessment of the art will likely be instructive in the district court litigation.

(*Id.*).  *See also Sito Mobile R&D Ip, LLC v. World Wrestling Entm't, Inc*., 2021 U.S. Dist. LEXIS 255367 at \*4 (D. Del. 2021) (staying entire case even though only 7 of 12 patents were in IPR proceedings, holding that "staying the case would still likely simplify the case because (1) the seven patents at issue before the PTAB and the five other patents in this case belong to the same family; (2) [patentee's] statements to the PTO during the IPRs will become part of the various patents' file histories, thus helping to clarify and perhaps narrow the scope of the remaining claims; and (3) [Defendant] has 'agree[d] to be bound in this matter by the outcomes of the [IPRs and CBM] …'"); and *Helios Streaming*, *supra*, 2021 WL 8155604 at \*4 (staying litigation even though only a minority of patents in suit were engaged in IPR proceedings, stating that "a stay pending resolution of the three IPR proceedings will simplify the issues for trial not only with respect to the '562 patent, but also with respect to the balance of the asserted patents due to similarities among thee asserted claims and the identity of the prior art references").  Other jurisdictions have similarly stayed actions even if only some of the patents in suit were engaged in IPR proceedings. *ACQUIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 357–58 (D. Mass. 2015) (granting stay when only 2 of 11 patents-in-suit were challenged in IPRs, but there was "significant overlap" among the patents); *SMT Sols., Inc. v. ExpoEvent Supply LLC*, 2012 WL 3526830 at \*4 (D.N.J. 2012) (holding that a stay would simplify the case, even though not all of the patents-in-suit were before the PTAB, because "the patents-in-suit all share nearly identical disclosures.").

Thus, the '438 Patent (i) has the identical disclosure as the '559 Patent in the IPR proceedings; (ii) Claim 27 of the '438 Patent is similar to the claims of the '559 Patent and the claims include common terms (Exhibit B);  (iii) Kajeet's attempts to distinguish the prior art during the IPR proceedings will assist in the construction of not only any '559 claims that might potentially survive the IPR, but will also help construe Claim 27 of the '438 Patent; (iv)  Gryphon agrees that it will not assert in this litigation any prior art which the PTAB had determined to not invalidate any of the claims in the IPR proceeding; and (v) if the PTAB invalidates the claims involved in the IPR proceeding, it is almost impossible that Kajeet could reasonably assert Claim 27 of the '438 Patent against Gryphon.  Kajeet cannot reasonably explain why this Court should litigate the '559 and '438 Patents in this case, even though the other cases involving the '559 Patent are stayed, and the PTAB is trying the validity of the '559 Patent claims here in suit.

In short, Kajeet's argument that this case should not be stayed because of the pendency here of a single claim of the '448 Patent is unsupported by law, facts or logic.  The relationship between the '559 and '438 Patents strongly call for staying the entire case.

O'Kelly & Ernst, LLC
Page 4 of 4
June 7, 2022

**Stay Requirements Are Met.**

Kajeet has itself set forth the reasons to stay this litigation at least as to the '559 Patent by moving to stay the Trend Micro litigation.  (Exhibit D).  In any event, a stay is warranted.

A.  Kajeet explained why this factor supports a stay in its Trend Micro brief.  (Exhibit D at 13-14).  A stay will simplify the issues for trial.  Kajeet had already made its best arguments to the PTAB, but the PTAB has determined that the all the asserted claims of the '559 Patent are likely "unpatentable over Putzolu" prior art.  (Exhibit A at 32).  If the PTAB maintains that position, the '559 Patent will be removed from the litigation; and, even if any of the '559 claims survive, the IPR record will be very helpful in construing the claims.  Further, the IPT proceedings will simply issues as to the '438 Patent for the reasons stated in the penultimate paragraph, *supra*.

B.  Kajeet's arguments in the Trend Micro case that this factor supports a stay apply equally here.  (Exhibit D at 11-13).  The early stage of litigation favors a stay.  For example, the parties have not yet filed their claim construction briefs, and no depositions have yet taken place.  The most burdensome stages of litigation lie in the future.

C.  Kajeet will suffer no undue prejudice from a stay.  (Compare Kajeet's arguments in the Trend Micro case, Exhibit D at 7-11).  Gryphon will not gain any tactical advantage if this action is stayed, and Kajeet will not suffer any prejudice.  For this factor, courts examine four subfactors: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *IOENGINE*, *supra*, 2019 WL 3943058, at *16.  All the sub-factors weigh in favor of a granting a stay for the same reasons as Kajeet has already agreed to in the NortonLifeLock and Trend Micro cases.  Gryphon timely requested this stay, as Gryphon raised the issue of a stay with Kajeet less than three weeks after the PTAB's decision and at the same time as NortonLifeLock and Kajeet were considering a stay.  Further, the delay from a stay of this case cannot be prejudicial, as Kajeet has agreed to the stays in the other two cases.

**Conclusion**

For the foregoing reasons, Gryphon respectfully requests this Court grant its motion to stay pending resolution of *Inter Partes* review.

Respectfully Submitted,

*/s/ George Pazuniak*
George Pazuniak

Cc:  All counsel by CM/ECF